PRISCILLA R. OWEN, Circuit Judge,
dissenting:
I would affirm the district court’s judgment because the court below correctly construed the settlement agreement and release. Judge Ivan Lemelle, who presided below, was involved at every stage of the proceedings in this somewhat convoluted case, and enforced the settlement agreement in accordance with its straightforward terms.
Boudreaux concedes that when he applied for employment with Transocean, he knowingly failed to disclose prior, documented injuries and therefore, when he was subsequently injured while working for Transocean, Transocean would have been entitled under McCorpen[1] to withhold maintenance and cure payments. Trans-ocean paid Boudreaux $276,263.36 in maintenance and cure before it discovered Bou-dreaux’s fraud. In Boudreaux’s Jones Act suit, Transocean counterclaimed, seeking to recover the maintenance and cure payments it made. The parties then reached the high-low settlement agreement that is the subject of this appeal.
The panel majority’s opinion reversing the district court is premised on a fundamental misunderstanding of both the terms of the release and settlement agreement and our court’s prior decision in this case (Boudreaux I ).[2] The parties agreed in the release that Boudreaux suffered Jones Act damages in the net amount of $90,000. Of that amount, again by agreement, $50,000 has been paid to Boudreaux. The parties agreed that the remaining $40,000 of the Jones Act damages are to be paid, or not, depending on whether “a Jones Act employer is allowed to recover maintenance and cure payments” that were “made to a seaman who was never entitled to such payments under McCor-pen.” The panel majority is therefore mistaken when it says that “[bjecause Bou- *336 dreaux dismissed all his claims against Transocean, there was no possibility that he could receive damages that could be offset.”[3] The parties have expressly agreed in the settlement that an additional amount of $40,000 in Jones Act damages are available to be “recovered” by Bou-dreaux,[4] depending on the outcome of the appeal in Boudreaux I. Accordingly, a major premise on which the majority opinion is based is a false premise.
The majority opinion also erroneously concludes that the only offset recognized in Boudreaux I is for maintenance and cure payments that duplicate Jones Act damages for past medical expenses, food, and lodging.[5] But the Boudreaux I decision was not so limited; it recognized “explicitly]”[6] for the first time that an employer may offset against Jones Act damages maintenance and cure payments that the employer was not required to pay under McCorpen.[7] The parties have agreed that Transocean has a McCorpen defense worth $40,000 (the difference between the $90,000 “high” amount and the $50,000 “low” amount in the settlement agreement). The only question is whether the settlement agreement intended for Boudreaux to recover the additional $40,000 when on appeal, our court held that although an employer could not recover maintenance and cure payments that it did not owe by means of an independent, affirmative recovery against a seaman that might exceed the amount of Jones Act damages, an employer could offset maintenance and cure payments against Jones Act damages. The unambiguous terms of the settlement agreement and release reflect that because Transocean is entitled to “recover” maintenance and cure payments that it did not owe under the legal analysis set forth in Boudreaux /, Boudreaux receives only $50,000 under the settlement agreement:
Transocean and Boudreaux agree to compromise and settle all disputes between them, with the precise amount of the settlement to be determined by the Court’s ruling on whether a Jones Act employer is allowed to recover maintenance and cure payments made to a seaman who was never entitled to such payments under McCorpen., If a Jones Act employer is not allowed to recover maintenance and cure payments made to a seaman who is not entitled to such payments under McCorpen, Boudreaux will recover $90,000.00 (the “high” amount or the “maximum”). If a Jones Act employer is allowed to recover such maintenance and cure payments, Bou-dreaux will recover only $50,000.00 (the “low” or “minimum” amount).
I
The district court’s construction of the settlement agreement and release is correct. Boudreaux’s right to receive the additional $40,000 did not turn on whether Transocean obtained a ruling on appeal that a Jones Act employer is entitled, by *337 means of an independent, direct action, to recover maintenance and cure payments made to an employee who was not entitled to them. The settlement agreement and release provided that the right to receive the additional $40,000 turns only “on whether a Jones Act employer is allowed to recover maintenance and cure payments made to a seaman who was never entitled to such payments under McCorpen.” Our court held in Boudreaux I that a Jones Act employer is allowed to recover maintenance and cure payments made to a seaman who was never entitled to such payments under McCorpen through means of an offset or setoff. The legal theory under which such a “recover[y]” may be obtained is not determinative under the terms of the release and settlement agreement, and in the present case, there are agreed damages from which the offset can be satisfied.
The district court’s reasoning is thorough and compelling, and I quote it at length:
In reviewing the Settlement Agreement, the Court finds no ambiguity in the recovery provision and settlement terms. The parties unambiguously agreed that the operative question for determining whether the upper or lower settlement amount controlled was “whether a Jones Act employer is allowed to recover maintenance and cure payments made to a seaman who was never entitled to such payments under McCorpen.” (Rec. Doc. No. 84-3 at 2). When compared to the language of the ultimate Fifth Circuit opinion resolving the issue, it is clear that the question was resolved in the affirmative — triggering the low settlement amount.
The Fifth Circuit held specifically in its amended opinion “that once a shipowner pays maintenance and cure to the injured seaman, the payments can be recovered ...” Boudreaux, at 728 (emphasis added). The common use of the terms “recover” and “recovered” in both the Settlement Agreement and the Fifth Circuit’s opinion demonstrate the settlement provision was answered with a “yes.”
Complicating the analysis is the Fifth Circuit’s limitation in the same sentence that payments may be recovered “only by offset against the seaman’s damages award — not by an independent suit seeking affirmative recovery.” Id. Although this limitation provided neither side with a clear victory on appeal, and constrains the reach of the holding, this does not change the settlement calculation. The opinion unambiguously held that a “Jones Act employer is allowed to recover maintenance and cure payments made to a seaman who was never entitled to such payments under McCor-pen.” (Rec. Doc. No. 84-3 at 2). The fact that the recovery is limited is of minimal relevance to the instant dispute. The Settlement Agreement contains no reference to the amount of recovery. Instead, the low amount is triggered per the agreement if “a Jones Act employer is allowed to recover,” without reference to a required recovery amount or a limitation on the means for seeking recovery. Absent more express language demanding a different result for limited recovery — -which is absent from the Settlement Agreement as it was drafted by the parties — the Court must conclude the low amount is applicable.
Boudreaux provides almost no analysis in his original Motion or Reply on the terms as used in the Settlement Agreement and the Fifth Circuit’s opinion. Rather, Boudreaux attempts to argue that statements made by Transocean throughout the course of litigation establish that Boudreaux is entitled to the high settlement amount. These arguments fail.
*338 Boudreaux attempts to frame the issue as follows — the high/low settlement amount is controlled by which party was successful on appeal. Since the Fifth Circuit did not accept Transocean’s argument that an affirmative cause of action for past maintenance and cure payments exists, Boudreaux argues that it was the prevailing party on appeal and should be entitled to the high settlement amount. This analysis fails to recognize the actual provisions agreed to by the parties. The Settlement Agreement does not speak in terms of the prevailing party on appeal. Rather, the measure of damages is “whether a Jones Act employer is allowed to recover maintenance and cure payments made to a seaman who was never entitled to such payments under McCorpen.” (Rec. Doc. No. 84-3 at 2). As already stated, this question was answered affirmatively by the Fifth Circuit. It is irrelevant that Transocean was not a complete victor on appeal. The Settlement Agreement does not require it to be for the low settlement amount to be triggered. I would affirm the district court.
II
Boudreaux has contended in our court that the high-low settlement agreement would have been meaningless and Bou-dreaux would not have had an incentive to enter the agreement if the parties intended a right of offset to trigger the “allowed to recover” language in the release and settlement agreement since Transocean always had the right to offset maintenance and cure payments from an award of Jones Act damages. However, Boudreaux can cite to no authority in our circuit, prior to the decision in Boudreaux I, that recognized such an offset against Jones Act damages. The Boudreaux I decision was the first to recognize such a right in our circuit, and in the briefing in the district court and before our court in Boudreaux I, neither of the parties considered the possibility that an offset might be a means of recovering maintenance and cure payments.
In Boudreaux I our court refused to recognize an independent cause of action that might permit an employer to obtain a free-standing judgment against a seaman for maintenance and cure payments, but our court did, for the first time, “explicit[ly]” recognize the right to offset such payments against Jones Act damages recovered by an injured seaman.[8] Although the Boudreaux I decision said “[tjoday, we merely render explicit what has been implicit for many years,” it cited no authority for this proposition. The only authority mentioned in Boudreaux I that discusses the possibility of an offset or setoff is a 1972 decision from the Eastern District of Pennsylvania, which determined that an employer may use a contractual setoff to recover maintenance and cure payments procured by fraud. That Pennsylvania decision is referenced only in Judge Clement’s concurring opinion in Boudreaux I.[9]
Nor has Boudreaux cited authority for the proposition that at the time he and Transocean entered into the settlement agreement and release, our precedents *339 recognized an offset - or setoff when a McCorpen defense to payment of maintenance and cure has been established. The Boudreaux I decision recognized that our cases prohibited a double recovery to the extent that Jones Act damages duplicate maintenance and cure payments.[10] But that is a different matter from a holding that when an employer establishes under McCorpen that maintenance and cure was not owed, the employer is entitled to offset maintenance and cure payments from Jones Act damages without proof of duplication. The “explicit” right to offset announced in Boudreaux I is not dependent upon showing that the Jones Act damages duplicate, to some extent, the maintenance and cure payments.
At oral argument, Boudreaux relied upon our court’s decision in Johnson v. Cenac Towing, Inc.[11] In Johnson, this court held that McCorpen does not bar a Jones Act claim.[12] We acknowledged that contributory negligence applies in Jones Act cases and held that “contributory negligence may be found where a seaman has concealed material information about a pre-existing injury or physical condition from his employer.”[13] In other words, “[although the McCorpen rule is not applicable to a Jones Act negligence claim,”[14] conduct underlying a McCorpen defense can give rise to a valid defense of “contributory negligence.”[15] The court in Johnson described contributory negligence as an “affirmative defense” that would give rise to proportionate responsibility and potentially a proportionate reduction in damages, not an “offset” or a “set-off’ determined by the amount of maintenance and cure payments wrongfully received.
Arguing to a jury that false statements about pre-existing injuries should be considered some degree of contributing fault is not the same thing "as seeking an offset for all maintenance and cure payments under a McCorpen defense. An employer who estáblishes that a concealed prior condition is causally linked to the subsequent injury is entitled to be relieved from making any maintenance and cure payments, not just a percentage of maintenance and cure payments representing the extent that the pre-existing condition contributed to cause the subsequent injury. The offset described in Boudreaux I similarly does not. limit an offset to only a portion of the maintenance and cure payments.
Ill
Boudreaux raises other arguments as to why he should be entitled to recover the additional $40,000 in Jones Act damages under the settlement agreement, but the district court correctly rejected each of those arguments. I additionally note that with regard to the argument that the mandate rule or the law of the case should foreclose Transocean’s claims in this appeal, only a summary judgment that the district court granted on a pure question of law was before our court in the Boudreaux I appeal. Although our court was certainly aware of the terms of the settlement agreement, the meaning of the settlement agreement was not before our court. The parties had not put the terms of the settlement agreement at issue, and this court *340 had no occasion to resolve how the resolution of the pure legal questions presented by the appeal in Boudreaux I would affect the parties’ rights under the settlement agreement. In fact, the concurring opinion, which fully joined the judgment in Boudreaux I, expressly noted that it agreed with the right to a setoff and that “[t]his is the result Boudreaux and Trans-ocean sought by way of their bracketed settlement agreement. On the facts of this case, I would find recovery permissible.” [16] The majority opinion in Bou-dreaux I did not take issue with this conclusion.
I respectfully dissent.

. Boudreaux v. Transocean Deepwater, Inc., 721 F.3d 723 (5th Cir.2013).

. Ante at 332.

. The release and settlement agreement provides: "If a Jones Act employer is not allowed to recover maintenance and cure payments made to a seaman who is not entitled to such payments under McCorpen, Boudreaux will recover $90,000.00 (the 'high' amount or the ‘maximum’).” (emphasis in original).

. Boudreaux, 721 F.3d at 728.

. Id. ("Today, we merely render explicit what has been implicit for many years: that once a shipowner pays maintenance and cure to the injured seaman, the payments can be recovered only by offset against the seaman’s damages award — not by an independent suit seeking affirmative recovery.”).

. Id.; see also id. ("If the employer finds any ‘causal link’ between the seaman’s present injury and a concealed pre[e]xisting disability, it can bring suit under McCorpen and terminate its obligation to pay — even if the seaman’s on-the-job accident (and the employer’s negligence) contributed to the injury. And to the extent that the employer has already paid benefits, it is entitled to recoup them when there are damages to offset.”),

. Id. n. 1 (Clement, J., concurring) (citing Bergeria v. Marine Carriers, Inc., 341 F.Supp. 1153, 1156 (E.D.Pa.1972)).

. Boudreaux, 721 F.3d at 727.

. 544 F.3d 296 (5th Cir.2008).

. Id. at 302.

. Id. at 303-04.

. Id. at 302.

. Compare id. at 301 (discussing the elements of a McCorpen defense), with id. at 303-04 (explaining that contributory negligence can be found under essentially the same facts).

. Boudreaux v. Transocean Deepwater, Inc., 721 F.3d 723, 729 n. 2 (5th Cir.2013) (Clement, J., concurring).